IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GINELLE SHEREEN PLAISIR, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| LVNV FUNDING, LLC, | |
| Defendant. | **JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, GINELLE SHEREEN PLAISIR, BY

AND THROUGH COUNSEL, DANIEL ZEMEL, ESQ., and for her Complaint

against the Defendant, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This court has jurisdiction under the Fair Debt Collection Practices Act

   ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

3. The transactions and occurrences which give rise to this action occurred in

   the Village of Valley Stream, Nassau County, New York.

4. Venue is proper in the Eastern District of New York.

## PARTIES

5.  Plaintiff is a natural person residing in the Village of Valley Stream, Nassau County, New York.

6.  The Defendant to this lawsuit is LVNV Funding, LLC ("Defendant") is a foreign limited liability company that conducts business in the state of New York.

## GENERAL ALLEGATIONS

7.  Defendant is attempting to collect a consumer-type debt allegedly owed by Plaintiff to a third party in the amount of $448.00 (the "collection item") on Plaintiff's Equifax and Trans Union credit disclosures.

8.  Defendant is reporting the collection item with a dispute comment.

9.  Plaintiff no longer disputes the collection items.

10. On January 24, 2022, Plaintiff obtained her Equifax and Trans Union credit disclosures and noticed Defendant reporting the collection item.

11. On or about February 4, 2022, Credit Repair Lawyers of America on behalf of Plaintiff, sent Defendant a letter informing them that the information in the collection item is reporting incorrectly and asked Defendant to remove the dispute comment from the collection item.

12. On February 17, 2022, Defendant received Plaintiff's letter.

13. On March 21, 2022, Plaintiff obtained her Equifax and Trans Union credit disclosures, which showed Defendant last reported the tradelines reflected by the collection items to Trans Union on March 2, 2022, and failed or refused to remove the inaccurate dispute comment, in violation of the FDCPA.

14. With a disputed item appearing on her credit report, Plaintiff's FICO score is reporting inaccurately such that she is not eligible for conventional mortgage financing or refinancing.  Mortgage rates are now at historic lows and Plaintiff cannot participate in this market, due to Defendant's failure to remove the dispute comment.

15. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

16. Defendant had more than ample time to instruct Equifax and Trans Union to remove the inaccurate dispute comment from its collection item.

17. Defendant's inaction to remove the dispute comment from the collection item was either negligent or willful.

18. As a direct and proximate cause of Defendant's failure to honor its obligations under the law and duties to Plaintiff, Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Her credit reports continue to be damaged due to the Defendant's failure to properly report the

collection item.  Plaintiff has also suffered stress, depression, and

embarrassment .

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff realleged paragraphs 1 through 18 as if recited verbatim.

20. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debt on behalf of other individuals or entities.

21. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue, in this case, is a consumer debt.

22. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

23. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

24. Defendant's foregoing acts in attempting to collect the collection item violated the FDCPA at 15 U.S.C. §1692e:

    a.   15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of any debt by continuing to report the collection item with a dispute notation after being informed of the inaccuracy; and

b. 15 U.S.C. §1692e(8) reporting credit information which is known to be false, including failure to communicate that the debt is not disputed by failing to remove the inaccurate dispute notation from the collection item after being asked to do so by Plaintiff.

25. Plaintiff has suffered harm and damages at the hands of the Defendant as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

26. Defendant's failure to remove the erroneous account in dispute notation from its collection item on Plaintiff's consumer credit file is annoying, humiliating, and embarrassing to the Plaintiff as it creates a false impression regarding the Plaintiff's credit.

27. To date, and a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer anxiety, embarrassment, humiliation, and stress from Defendant's violations of the FDCPA.

28. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## <u>DEMAND FOR JUDGMENT RELIEF</u>

Accordingly, Plaintiff requests that the Court grant her the following relief

against the Defendant:

a.  Actual damages;

b.  Statutory damages;

c.  Punitive damages;

d.  Statutory costs and attorneys' fees.


DATED:  April 15, 2022


/s/ Daniel Zemel
Daniel Zemel
Zemel Law, LLC
660 Broadway
Paterson, NJ 07514
T: (862) 227-3106
F: (973) 282-8603
*Attorney for Plaintiff*